# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BASTISTE and JOHN DOES 1-300,<br><br>Defendants. | NO: 2:17-CV-122-RMP<br><br>ORDER GRANTING PRELIMINARY INJUNCTION |

BEFORE THE COURT is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 3. On May 25, 2017, the Court heard oral argument on the motion. James R. Sweetser and Thomas G. Jarrard appeared on behalf of Plaintiffs, and Assistant Attorney General Shelley A. Williams appeared on behalf of Defendants. The Court has considered the motion and the record and is fully informed.

\\

\\

ORDER GRANTING PRELIMINARY INJUNCTION ~ 1

## BACKGROUND

Plaintiffs filed this suit pursuant to the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721-2725, which "regulates the disclosure of personal information contained in the records of state motor vehicle departments (DMVs)." *Reno v. Condon*, 528 U.S. 141, 143 (2000). In relevant part, 18 U.S.C. § 2721 provides:

> A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity:
> . . . personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record, except as provided in subsection (b) of this section . . . .

The DPPA restricts those who work on behalf of the DMV and protects the information obtained from DMV records, as it makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722. The statute then lists fourteen "permissible purposes" for which the protected information may be disclosed. *See* 18 U.S.C. § 2721(b).

Following automobile accidents in Washington state, the Washington State Patrol ("WSP") prepares collision reports containing personal information of the sort protected by the DPPA. It was represented at oral argument that the personal information is obtained from DMV records and uploads into a software program that the WSP troopers use to compose the collision reports. Currently, the WSP

ORDER GRANTING PRELIMINARY INJUNCTION ~ 2

sells those collision reports to any third party without redacting various types of personal information. Plaintiffs seek a TRO and preliminary injunction:

> (1) enjoining Defendants from disclosing DPPA-protected "personal information" of Plaintiffs and the [putative] Class to others without a permissible purpose and/or (2) ordering redaction of the name, address, driver license number, date of birth, sex, height, and weight of the registered owner from all traffic collision reports it discloses, unless and until a lawful or permissible purpose is identified.

ECF No. 3.

## DISCUSSION

"The standard for issuing a temporary restraining order is the same as that for the issuance of [a] preliminary injunction." *Dahlstrom v. Sauk-Suiattle Indian Tribe of Washington*, No. C16-0052JLR, 2017 WL 413201, at *2 (W.D. Wash. Jan. 31, 2017) (citing *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1347 n.2 (1977)). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Ordinarily, to obtain a preliminary injunction, the moving party must "demonstrate that (1) he is likely to succeed on the merits of such a claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *Lopez*, 680 F.3d at 1072 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

ORDER GRANTING PRELIMINARY INJUNCTION ~ 3

In conjunction with the four-part post-*Winter* test, the Ninth Circuit Court of Appeals has stated that "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *League of Wilderness Defs./Blue Mountains Biodiversity Project v. Connaughton*, 752 F.3d 755, 759 n.1 (9th Cir. 2014) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

**(1) Likelihood of success on the merits**

As stated above, the DPPA unambiguously states that "[i]t shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722. While Defendants argue that they redact certain information from some disclosures, they stated that the WSP "does not assert the DPPA to redact information in law enforcement reports such as collision reports." ECF No. 5 at 5. In fact, during the course of this litigation, Defendants have changed their policy to disclose more information from collision reports, as they no longer redact dates of birth from collision reports that they sell.[1]

---

[1] In their response brief, Defendants previously stated that WSP redacts dates of birth and driver's license numbers from collision reports "if the requestor is not an

Defendants argue that the DPPA does not apply to collision reports as the collision reports are not issued by the DMV that collects the information, but rather by the WSP that just uses the information collected by the DMV to populate the collision reports, and therefore, are not "motor vehicle record[s]" as defined in the DPPA. ECF No. 5 at 7. In other words, WSP appears to argue that the DPPA protections do not apply to the information when that information is conveyed to a third party. Defendants also argue that "the DPPA specifically excludes information on vehicular accidents from the definition of 'personal information.'" ECF No. 5 at 7. However, this argument fails to address the contention that the personal information contained on collision reports could be redacted without impeding access to the details of traffic accidents.

Although Defendants' proffered interpretation of the DPPA has received some support in case-law, *see e.g.*, *Mattivi v. Russell*, No. CIV.A. 01-WM-533(BNB, 2002 WL 31949898, at *4 (D. Colo. Aug. 2, 2002), it appears to conflict with the plain language of the DPPA considered in context. Taken together, the DPPA's provisions seem to protect personal information if the original source of

---

involved party or an authorized representative of an involved party," ECF No. 5 at 4, but counsel informed the Court during oral argument that WSP amended this policy now to redact only driver's license numbers.

ORDER GRANTING PRELIMINARY INJUNCTION ~ 5

that information is a DMV database. *See Pavone v. Law Offices of Anthony Mancini, Ltd.*, 118 F.Supp.3d 1004, 1007 (N.D. Ill. 2015).

Although the WSP is an authorized recipient of personal information that Troopers include in collision reports when they respond to accidents, Plaintiffs have provided evidence that the WSP sells that personal information on collision reports to third parties for purposes that would not be permitted under the DPPA. For example, Plaintiff, Wilcox, received an advertisement from an attorney who presumably had obtained her information from a collision report. *See* ECF No. 3-1. The United States Supreme Court held that such solicitation is not a permitted purpose under the DPPA. *See Maracich v. Spears*, 133 S. Ct. 2191 (2013).

Defendants alternatively argue that if the DPPA is applicable here, the disclosure of collision reports is among the enumerated permissible purposes under the DPPA. ECF No. 5 at 11. Defendants are accurate that the DPPA allows for disclosure of personal information "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety." 18 U.S.C. § 2721(b)(14). However, it is questionable whether Defendants will be able to prove that disclosure of an individual's name, weight, height, address, phone number, and date of birth are "related to the operation of a motor vehicle or public safety" in any meaningful way. In addition, Plaintiffs submitted Exhibit J showing that WSP's own "Public Records Exemption Codes List" notes specific circumstances

when personal information should not be disclosed with relevant justifications. *See* ECF No. 3-12.

Although the Court recognizes conflicting interpretations of the DPPA that may be further developed as this litigation proceeds, the Court finds that at this point that Plaintiffs have provided sufficient evidence to support a likelihood of success on the merits of their claims for this factor to weigh in their favor.

**(2) Irreparable harm**

Failure to show that irreparable harm will result in the absence of a preliminary injunction is fatal to a request for such relief. *See All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) ("*Winter* tells us that plaintiffs may not obtain a preliminary injunction unless they can show that irreparable harm is likely to result in the absence of the injunction.").

Defendants recognize the intent of the DPPA to address concerns that include "a growing threat from stalkers and criminals who could acquire personal information from state DMVs." ECF No. 5 at 6 (quoting *Maracich v. Spears*, 133 S. Ct. 2191, 2198 (2013)). However, Defendants fail to recognize the irreparable harm done by disclosure of the same personal information that is at issue here.

In the age of the internet, when information is made public quickly and without borders, it is nearly impossible to contain an impermissible disclosure after the fact, as information can live on in perpetuity in the ether to be shared for any number of deviant purposes. Based on the evidence before the Court, the Court

finds that the WSP's current practice of selling un-redacted collision reports could needlessly expose individuals who have been in automobile accidents in Washington to having their private information compromised. The likelihood of further irreparable harm justifies the extraordinary relief of a preliminary injunction.

### (3) The balance of equities

The WSP argues that the harm it faces if the Court grants the relief sought by Plaintiffs is that an injunction "impairs the public's right to access police collision reports under RCW 46.52.060 and the Public Records Act." ECF No. 5 at 14. However, the WSP acknowledges that they currently have procedures in place to redact information on disclosures when necessary and currently have policies allowing exemptions from public disclosure. *See e.g.*, ECF No. 3-12. Therefore, the Court finds that it would be a minimal burden to place on Defendants to require the redaction of personal information, as defined by the DPPA, when a party requesting a collision report is not requesting the personal information for a permissible purpose enumerated under 18 U.S.C. § 2721(b).

There appears to be no valid governmental purpose that is furthered by indiscriminately providing collision reports that display private individuals' personal information. Absent a preliminary injunction, the hardships imposed on individuals whose information is disclosed on collision reports are far-ranging and significant. Therefore, this factor weighs heavily in favor of Plaintiffs.

ORDER GRANTING PRELIMINARY INJUNCTION ~ 8

**(4) Public Interest**

WSP argues that an injunction is against the public interest because it would prohibit public access to useful information about collisions. As discussed above, the Court finds this argument unpersuasive.

Although there is a valid public interest in the enforcement of federal statutes like the DPPA, this issue must be developed further at a later stage. Based on the evidence and arguments presently before the Court, the Court finds that the public has a vital interest in the protection of personal information and in preventing it from being sold indiscriminately to anyone who seeks collision reports for any purpose. Allowing the disclosure of personal information to continue pending the outcome of this litigation would undermine the very purpose of the DPPA.

**Conclusion**

Based on the Court's consideration of the foregoing factors, the Court finds good cause to enter a preliminary injunction pursuant to the terms contained in Plaintiffs' written motion.[2]

/ / /

---

[2] At oral argument, Plaintiffs also sought the redaction of names and telephone numbers, but the Court finds these to be unnecessary redactions at present in light of all of the factors discussed above.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, **ECF No. 3**, is **GRANTED**.

2. Within 14 days of entry of this Order, Defendants shall put into place a system of redacting addresses, driver license numbers, dates of birth, sex, height, and weight of registered owners from all traffic collision reports that it discloses **unless and until** the requestor of such information certifies under penalty of perjury that the information is sought for one of the fourteen permissible purposes under 18 U.S.C. § 2721(b).

3. Pursuant to FED. R. CIV. P. 65(c), Plaintiff shall post a bond in the amount of $500.00.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 9, 2017.

                    *s/ Rosanna Malouf Peterson*
                    ROSANNA MALOUF PETERSON
                    United States District Judge