FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JADE WILCOX,<br><br>      Plaintiff,<br><br>  v.<br><br>JOHN BATISTE and JOHN DOES 1-300,<br><br>      Defendant. | NO: 2:17-CV-122-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION TO CERTIFY TWO QUESTIONS OF STATE LAW TO THE WASHINGTON SUPREME COURT |

BEFORE THE COURT is Defendant's Motion to Certify Two Questions of State Law to the Washington Supreme Court, ECF No. 22. After reviewing the pleadings and the record, the Court concludes that certification is not appropriate.

**BACKGROUND**

Plaintiff Jade Wilcox brought this putative class action lawsuit against John Batiste, Chief of the Washington State Patrol and his agents ("WSP"), alleging that the WSP violated the Driver's Privacy Protection Act (DPPA), 18 U.S.C. §§ 2721-2725, by disclosing personal information in vehicle collision reports to third parties who used the information in the reports to solicit legal business. ECF No. 1 at 1-2.

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY TWO QUESTIONS OF STATE LAW TO WASHINGTON SUPREME COURT ~ 1

Defendant has moved the Court to certify two questions to the Washington State Supreme Court:

(1) Whether the Washington State Patrol's duty under RCW 46.52.060 includes disclosure of police traffic collision reports to the public; and

(2) If so, whether the disclosure of a police traffic collision report under RCW 46.52.060 is related to the operation of a motor vehicle or public safety.

## DISCUSSION

### *Legal Standard for Certification of Questions*

Washington law provides that

> "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved . . . ."

RCW 2.60.020. "Certification provides a means to obtain authoritative answers to unclear questions of state law." *Toner for Toner v. Lederle Labs., Div. of Am. Cyanamid Co.*, 779 F.2d 1429, 1432 (9th Cir. 1986). The Court has discretion to decide whether to certify questions to a state supreme court. *Centurion Prop. III, LLC v. Chicago Title Ins. Co.*, 793 F.3d 1087, 1089 (9th Cir. 2015). The Court first considers whether it is necessary to ascertain Washington State law in order to dispose of the proceeding, and second whether the applicable Washington State law has been clearly determined. *See* RCW 2.60.020.

A "certifying court should also consider the possible delays involved and whether the legal issue can be framed to produce a helpful response by the state." *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984). In doing so, the court should be mindful that "[c]ertification of open questions of state law to the state supreme court can in the long run save time, energy, and resources and help[] build a cooperative judicial federalism." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). However, certification is unnecessary where Washington law "provide[s] sufficient guidance" for the Court to make a determination. *Todd v. United States*, 1993 U.S. App. LEXIS 30899, at *5-6 (9th Cir. Nov. 18, 1993).

### *DPPA Provisions*

Plaintiff alleges that the WSP violates the DPPA when it discloses Department of Licensing and Motor Vehicles personal information to third parties for impermissible purposes. ECF No. 1 at 1-2. The DPPA protects the "disclosure of personal information contained in the records of state motor vehicle departments (DMVs)." *Maracich v. Spears*, 133 S.Ct. 2191, 2195 (2013). The DPPA accomplishes this goal by regulating the "[s]tates' ability to disclose a driver's personal information without the driver's consent." *Reno v. Condon*, 528 U.S. 141, 144 (2000). The DPPA makes it "unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record," for a use not encompassed by one of the enumerated exceptions. 18 U.S.C. § 2722(a).

Any person who "knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." 18 U.S.C. § 2724(a). "While the DPPA defines 'person' to exclude States and state agencies, § 2725(2), a state agency that maintains a 'policy or practice of substantial noncompliance' with the Act may be subject to a civil penalty imposed by the United States Attorney General of not more than $ 5,000 per day of substantial noncompliance." *Reno v. Condon*, 528 U.S. 141, 147 (2000) (*quoting* 18 U.S.C. § 2723(b)).

The DPPA defines fourteen exceptions or "permissible purposes" for disclosing the personal information from a motor vehicle record. *See* 18 U.S.C. § 2721(b). One of these exceptions provides that such personal information may be disclosed "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety." § 2721(b)(14).

WSP argues that certification is necessary in this case because of two prior Washington State Supreme Court Decisions, *Guillen v. Pierce Cnty,* 31 P.3d 628 (Wash. 2001), *rev'd on other grounds,* 537 U.S. 129 (2003); and *Gendler v. Batiste*, 274 P.3d 346 (Wash. 2012). WSP characterizes *Guillen* as holding "that police traffic collision reports are not confidential under RCW 46.52.080," and a subsequent Washington Attorney General's opinion holding that the collision reports are not exempt from public disclosure law. ECF No. 22 at 6. WSP also argues that

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY TWO QUESTIONS OF STATE LAW TO WASHINGTON SUPREME COURT ~ 4

*Gendler* requires the WSP "under RCW 46.52.060 to file, tabulate, and analyze accident reports and to annually publish statistical information showing, among other things, the location of such accidents." *Id.* (citing *Gendler*, 274 P.3d at 355). Based on its interpretation of these two Washington State court cases, WSP argues that the Washington Supreme Court should provide clarification of the state law as it relates to the DPPA claims in this case.

### *Question One*

The first question proposed by WSP is: "Whether the Washington State Patrol's duty under RCW 46.52.060 includes disclosure of police traffic collision reports to the public." The plain language of RCW 46.52.060 states:

> [i]t shall be the duty of the chief of the Washington state patrol to file, tabulate, and analyze all accident reports and to publish annually . . . statistical information based thereon showing the number of accidents, the location, the frequency, whether any driver involved in the accident was distracted at the time of the accident and the circumstances thereof, and other statistical information which may prove of assistance in determining the cause of vehicular accidents.

WSP argues that whether RCW 46.52.060 establishes a duty to disclose police traffic collision reports to the public has not been clearly determined and is dispositive in this matter involving an alleged violation of the DPPA. *See* ECF No. 22. However, the Court disagrees. The Court finds that RCW 46.52.060 is sufficiently clear for this Court to apply in this case. In addition, the Court finds that even if there was some ambiguity or conflict between Washington state statutes and Washington state court opinions regarding the duties of the WSP, that conflict would

ORDER DENYING DEFENDANTS' MOTION TO CERTIFY TWO QUESTIONS OF STATE LAW TO WASHINGTON SUPREME COURT ~ 5

not be dispositive of the issues before this Court regarding alleged violations of the DPPA. The issue before the Court in this case is whether the WSP policies violate the DPPA. Washington state law and the WSP practices are sufficiently clear that the Court can decide that issue without further clarification from the Washington State Supreme Court. Therefore, the Court denies Defendant's motion to certify Question One to the Washington State Supreme Court.

*Question Two*

WSP also moves to certify the following question to the Washington Supreme Court: "If so, whether the disclosure of a police traffic collision report under RCW 46.52.060 is related to the operation of a motor vehicle or public safety." This language is used in 18 U.S.C. § 2721(b)(14), which provides a permissible purpose "[f]or any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety."

Plaintiff argues that this issue calls for the interpretation of federal, not state, law because it seeks an interpretation of the language of the DPPA as to what is "related to the operation of a motor vehicle or public safety." ECF No. 23 at 6. The Court agrees. Although the provision in the DPPA allows for the incorporation of state law authority regarding whether "such use is related to the operation of a motor vehicle or public safety," the finding of whether Washington State's use is related to the operation of a motor vehicle or public safety within the meaning of the DPPA exception is an issue of federal statutory interpretation, not state statutory

interpretation. Therefore, a decision by the Washington State Supreme Court would not be dispositive of the issue in this Court, which is whether the WSP is violating the DPPA, and certification would not be appropriate. Accordingly, the Court declines to certify Question Two.

*Conclusion*

The Court has considered whether the questions that WSP moved to certify pose any unresolved or undetermined issues of state law and whether they are necessary to the disposition of Plaintiff's claims in this matter. Because the relevant state statutes and case law are sufficiently clear, and any questions of state interpretation would not be dispositive in the Court's determination of Plaintiff's DPPA claims, the Court finds it unnecessary to certify either question to the Washington State Supreme Court.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Certify Two Questions of State Law to the Washington Supreme Court, ECF No. 22, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 18, 2018.

                                   *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                   United States District Judge